**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4813

GEORGE RANDALL THACKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen M. Williams, Senior District Judge.
(CR-98-10024)

Submitted: June 29, 1999

Decided: July 21, 1999

Before WILKINS and HAMILTON, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Seth Kurtin, SHAPIRO & KURTIN, Roanoke, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Thomas E.
Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washing-
ton, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, George R. Thacker was convicted on two counts each of selling a firearm to a convicted felon (18 U.S.C. § 922(d)(1) (1994)), failing to maintain firearms records (18 U.S.C.A. § 922(b)(5) (West Supp. 1999)), and making a false entry in a firearm transaction record (18 U.S.C. § 922(m) (1994)). The district court sentenced him to fifty-one months in prison. Thacker appeals, claiming that the district court gave an improper Allen* charge and gave an improper response to a jury question. Finding no merit to his claims, we affirm.

Thacker claims that there were two fatal flaws with the Allen charge in this case. First, he claims that it was improperly coercive because the district court subtly suggested to the minority that it should compromise with the majority because the evidence appeared to be clear. However, the district court never expressed an opinion about in whose favor the evidence appeared to be clear. Furthermore, the court expressly directed the jurors in the minority and the majority to consider each other's opinions. See United States v. Burgos, 55 F.3d 933, 941 (4th Cir. 1995). The length of the jurors' deliberations following the Allen charge also suggests that they listened to each other's viewpoints rather than the minority simply being coerced into agreeing with the majority. Cf. United States v. Rogers, 289 F.2d 433, 436 (4th Cir. 1961) (verdict a few minutes after Allen charge "hardly long enough to have permitted a painstaking re-examination of the views which the minority had held steadfastly until the charge was given."). Finally, we find that the fact that the jurors reached a mixed verdict, finding Thatcher guilty on some charges and not guilty on others, belies Thatcher's claim that the jurors were coerced.

_____

*In Allen v. United States, 164 U.S. 492 (1896), the Supreme Court of the United States approved the trial court's admonishment to a dead-locked jury to make an additional effort to reach a verdict.

2

Thatcher also argues that the court erred by setting a 7:00 p.m. deadline for the jury to reach its verdict. Although Thatcher correctly notes that the jury reached its verdict very close to 7:00 p.m., he mischaracterizes the Allen charge as setting a 7:00 p.m. deadline. The court simply advised the jury that it should deliberate until around 7:00 or shortly thereafter if it was making progress. At that time, if the jury was not making good progress, the judge said that he would end for the night so that everyone could get a good night's rest and so jurors living far away would not have to travel in the dark. We find that such a directive was not coercive and did not establish a deadline for reaching a verdict.

Two of the firearms transactions for which Thacker was charged involved undercover law enforcement officers who acted as straw men to purchase firearms for a convicted felon who was cooperating with police. When the jury asked the judge whether these agents had committed perjury by signing the state and federal firearm transaction documents, certifying that they were the purchasers of the firearms, the court answered, "No. They were undercover agents." Thatcher argues that this answer improperly bolstered the credibility of these officers, both of whom testified against him.

Even if the court should have responded differently to this question, we find that the answer, at most, amounts to harmless error. First, Thatcher does not argue that the district court's response was inaccurate. Second, whether or not the agents committed perjury was irrelevant to Thatcher's conviction. Third, although the jury found Thatcher guilty on all the counts pertaining to the transaction involving one of the officers, it acquitted Thatcher on all the counts pertaining to the transaction involving the other officer. Under these circumstances, we find that the court's answer did not improperly bolster the witnesses' credibility. For these reasons, we affirm Thacker's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3